USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/28/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNA GUSTAFSON,

Plaintiff,

-against-

COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

Defendant.

25-cv-04615 (MKV) (VF)

ADOPTING IN PART AND REJECTING IN PART R&R

MARY KAY VYSKOCIL, United States District Judge:

Pending before the Court is the July 27, 2026, Report and Recommendation from United States Magistrate Judge Valerie Figueredo, [ECF No. 14] (the "R&R"), addressing Plaintiff Jenna Gustafson's motion to vacate the decision denying her supplemental security income ("SSI") benefits and remand for calculation and award of benefits or remand for further administrative proceedings, [ECF No. 10] (the "Motion for Remand" or "Pl.'s Mot."). For the reasons set forth below, the Court adopts in part and rejects in part the R&R. Accordingly, the Motion for Remand is denied.

**BACKGROUND**

The facts underlying this action are set forth in detail in the R&R and the Certified Administrative Record. [ECF No. 9] ("the Record" or "R."). The Court assumes familiarity with those facts and provides only a brief overview herein.

## I. <u>Administrative Proceedings</u>

In September of 2022, Jenna Gustafson filed for SSI benefits for her bipolar disorder, back problems, and "mental health."[1] R. at 221, 245. Her application was denied on February 10, 2023, and again on August 2, 2023. *Id.* at 111, 135.

Gustafson and her counsel attended a telephonic hearing on April 16, 2024, with Administrative Law Judge ("ALJ") Michael Stacchini. *Id.* at 36, 197. The ALJ found that Gustafson "has not engaged in substantial gainful employment since September 6, 2022." *Id.* at 14. Although the ALJ found that Gustafson has some impairments, he concluded that the impairments neither meet nor medically equal the severity of one of the listed impairments set forth at Title 20, Code of Federal Regulations, Part 404, Subpart P, Appendix 1. *Id.* at 14. After considering Gustafson's symptoms, the objective medical evidence, and the medical findings and opinions on record, the ALJ concluded Gustafson had the residual functional capacity ("RFC") to perform sedentary work as defined in Title 20, Code of Federal Regulations, Part 416.967(a). *Id.* at 17. Because Gustafson does not have relevant work experience, the ALJ considered her age, education, work experience, and RFC to determine whether there were a significant number of jobs in the national economy that Gustafson could perform. *Id.* at 25.

To make this determination, the ALJ asked Vocational Expert ("VE") Linda Vause a series of hypotheticals. *Id.* at 56. The VE testified that, given Gustafson's age, education, work experience, and RFC, Gustafson can work as (a) a Document Preparer (job estimates: 14,169), (b) an Addresser (job estimates: 1,971), and (c) a Touch Up Screener (job estimates: 1,169). *Id.* at 57. The VE confirmed that these jobs are now performed with more modern technology. *Id.* at 58. Specifically, the VE confirmed that Addresser jobs are now performed with preprinted

---

[1] Gustafson also applied for Disability Insurance Benefits ("DIB"). R. at 218. However, she withdrew her request for those benefits by letter dated April 12, 2024. R. at 11, 280; R&R at 2 n.3.

information (rather than typewriters) and that Document Preparers now utilize digital scanning (rather than microfiche). *Id.* at 58.[2] The VE further confirmed that both jobs are still performed at the sedentary unskilled level. *Id.* Gustafson did not raise any objections to the VE's qualifications or testimony. *Id.* at 56–58.

Based on the VE's testimony, the ALJ concluded that, "considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." *Id.* at 25. Therefore, the ALJ made a finding of "not disabled." *Id.* at 25.

Administrative Appeals Judge Laura D. Ort-Presley found no basis for changing the ALJ's decision, making the ALJ's decision the final action of the SSA. *Id.* at 1.

## II. <u>Procedural History</u>

After exhausting administrative remedies, Gustafson, represented by counsel, commenced this action against the Commissioner of the Social Security Administration, pursuant to the Social Security Act, 42 U.S.C. § 405(g), seeking review of Commissioner's decision that Gustafson is not entitled to Supplemental Security Income.[3] [ECF No. 1] (the "Complaint" or "Compl."). The Court referred the case to Magistrate Judge Figueredo. [ECF No. 6]. As set forth in a memorandum filed in support of the Motion, [ECF No. 11] (the "Memorandum" or "Mem."), Gustafson seeks "reversal of the decision of the Commissioner," and, "upon reversal, calculation and award of benefits or remand for further administrative proceedings." *Id.* at 6. The Commissioner filed an opposition brief, asking the Court to affirm the Commissioner's decision. [ECF No. 13] (the "Opposition" or "Opp.").

---

[2] The VE also indicated that Document Preparers still use microfiche in some industries. *Id.*

[3] Gustafson also seeks review of the Commissioner's denial of DIB, Mem. at 6, but, as noted, she rescinded her request for those benefits in April 2024. R. at 11, 280; R&R at 2 n.3.

Magistrate Judge Figueredo issued a thorough R&R largely adopting the ALJ's decision, but ultimately concluding that the ALJ's determination at the fifth and final step of the relevant analysis was "flawed." R&R at 37. Accordingly, Judge Figueredo recommends that the Court grant the Motion and remand the case for further proceedings to determine whether the number of Document Preparer and Addresser jobs is current and if there are "any other non-obsolete positions that exist in significant numbers in the national economy that Plaintiff could perform." *Id.* at 41. No party has filed any objections the R&R, timely or otherwise.

## APPLICABLE LAW

### I. Standard of Review

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). When a party objects, "a judge of the court shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1) (citation modified). Although Section 636(b) "does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985); *see Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989) ("Even if neither party objects to the magistrate's recommendation, the district court is not bound by the recommendation of the magistrate."); *Nieves v. Comm'r of Soc. Sec.*, 17 Civ. 6844 (PGG), 2019 WL 4565112, at *2 (S.D.N.Y Sep. 20, 2019) (applying *Grassia* to an appeal of an SSI denial).

"The same standard of review applies to the agency's decision, both in the district court and before a court of appeals: 'The findings of the Commissioner of Social Security as to any

fact, if supported by substantial evidence, shall be conclusive.'" *Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022) (citation modified, quoting 42 U.S.C. § 405(g)). The court's review is limited to "determining whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Oswaldo N. v. Comm'r of Soc. Sec.*, 1:24-cv-07970-GRJ, 2025 WL 2062702, at *2 (S.D.N.Y. July 23, 2025) (citation modified, quoting *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam)). "Substantial evidence is more than a mere scintilla . . . but it is still a very deferential standard of review—even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447–48 (2d Cir. 2012) (citation modified). "Once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise.*" *Id.* at 448 (citation modified).

## II. <u>The Five-Step Analysis for Determining Disability</u>

Under the Social Security Act, someone is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration ("SSA") has promulgated guidelines laying out a five-step analysis for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(4)(i)-(v). The five-step process considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*Bushy v. Comm'r of Soc. Sec.*, 8:16-CV-0774 (GTS/WBC), 2017 WL 9509991, at *3 (N.D.N.Y. July 24, 2017) (quoting *McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014)).

Although the ultimate burden of persuasion to prove disability remains with the claimant, there is a "limited shift" in burden to the SSA at step five. Clarification of Rules Involving Residual Functional Capacity Assessments, 68 Fed. Reg. 51153 (August 26, 2003). To meet its burden at step five, the SSA "must provide evidence that demonstrates that jobs exist in significant numbers in the national economy that [the claimant] can do, given [his or her] RFC, age, education, and work experience." *Id.* This evidence is usually presented by a Vocation Expert ("VE"), whose "testimony may count as substantial evidence even when unaccompanied by supporting data." *Biestek v. Berryhill*, 587 U.S. 97, 105 (2019).

"Courts have not established a bright line test as to the threshold number of jobs that is considered 'significant' for purposes of the Act." *Pichardo v. Comm'r of Soc. Sec.*, 714 F. Supp. 3d 183, 195 (E.D.N.Y. 2024). It is generally "fairly minimal," *Brodie v. Comm'r of Soc. Sec.*, 19 Civ. 06968 (PAE) (RWL), 2020 WL 5754607, at *8 (S.D.N.Y. Aug. 25, 2020), and 9,000–10,000 jobs is considered "sufficiently 'significant' to meet the Commissioner's burden." *Sanchez v. Berryhill*, 336 F. Supp. 3d 174, 177–78 (W.D.N.Y. 2018) (collecting cases).

## III. <u>The Emergency Message</u>

In June of 2024, the SSA issued an Emergency Message ("EM") that "imposed additional inquiry and evidentiary burdens surrounding certain jobs" that are cited at step five. *Amy Marie H. v. Comm'r or Soc. Sec.*, No. 25-cv-00082, 2026 WL 2665448, at *14 (W.D.N.Y. Sep. 10, 2026). Addresser and Document Preparer are both listed as occupations that an "adjudicator may not cite . . . without additional evidence" from a VE that the job, as its currently performed, (a) is consistent with the individual's RFC, and (b) "exists in the national economy in numbers that . . .

are significant." Soc. Sec. Admin., Emergency Message 24027, https://secure.ssa.gov/apps10/reference.nsf/links/01062025092030AM (last accessed on September 28, 2026) (hereinafter "EM-24027").[4] Although "little caselaw exits analyzing the quantum of 'additional evidence' an ALJ must offer to rely on a listed job at Step Five," *Boscaljon v. Comm'r of Soc. Sec.*, No. 3:25-CV-01541-JRK, 2026 WL 1842604, at *5 (N.D. Ohio June 26, 2026) (collecting cases), it appears to be sufficient that an ALJ "explore[s]" with a VE whether the jobs cited meet the two requirements cited in the EM. *Amy Marie H.*, 2026 WL 2665448, at *14.

Since the release of the EM, when determining whether an ALJ's decision at step five was supported by substantial evidence, courts in this circuit consider the timing of the ALJ's decision and the substance of the VE's testimony. Any heightened standard stemming from the EM is not grounds for reversing an ALJ's "not disabled" determination if it was made before the EM went into effect. *See Norman J.D. v. Comm'r of Soc. Sec.*, No. 24-cv-09123 (GRJ), 2025 WL 3003462, at *5 (S.D.N.Y. Oct. 27, 2025) (finding "no reversible error" when the EM did not become effective until after the date of the ALJ's decision); *Claudette M.S. v. Comm'r of Soc. Sec.*, 6:24-CV-01477 (MAD/TWD), 2026 WL 1024064, at *10 (N.D.N.Y. Jan. 30, 2026) (same); *see Terry T.*, 2025 WL 2205934, at *10 (explaining that the EM was "not applicable to the ALJ's decision" made prior to January 6, 2025); *Michael G. v. Comm'r of Soc. Sec.*, 1:23-CV-00767

[4] The SSA released this message because "some courts have . . . questioned whether some occupations continue to be performed in the manner in which they are described in the DOT." EM-2402 (citation modified). Indeed, "multiple courts within the Second Circuit have characterized the job of document preparer as obsolete." *Mary Marie H.*, 2026 WL 2665448, at *14. However, the Second Circuit has "declined to accept this argument, finding that the ALJ is entitled to rely on the vocational expert's testimony and refus[ed] to make a judicial finding as to whether an occupation is obsolete." *Terry T. v. Comm'r of Soc. Sec.*, 1:24-cv-09968-GRJ, 2025 WL 2205934, at *9 (S.D.N.Y. Aug. 3, 2025) (citing *Bavaro v. Astrue*, 413 F.App'x 382, 384 (2d Cir. 2011) ("We decline Bavaro's invitation to take judicial notice of the decline of the photofinishing industry and deem the position infeasible for her. A vocational expert testified to the existence of such jobs at the national and regional level. The ALJ was entitled to credit that testimony, and we will not disturb that finding based upon Bavaro's conclusory proclamations to the contrary." (citation modified)).

EAW, 2024 WL 3616282, at *3 n.2 (W.D.N.Y. July 31, 2024) ("The Emergency Message does not indicate that it applies retroactively"). In any event, the heightened standard is met when the VE explicitly testifies that the designated occupation has been modernized and exists in significant numbers in the national economy. *See Oswaldo N.*, 2025 WL 2062702, at *9 (finding "the ALJ satisfied his heighted duty of inquiry regarding the document preparer position" when the VE testified that the position was modernized and "remains available in significant numbers in the national economy"); *Norman J.D.*, 2025 WL 3003462, *5 (same); *Claudette*, 2026 WL 1024064, at*10 (same); *Amy Marie H*, 2026 WL 2665448, at*15 (same); *cf. Melanie V. v. Comm'r or Soc. Sec.*, 23-CV-973S, 2024 WL 3337924, at *5 (W.D.N.Y. July 9) (finding VE's testimony deficient when they had "not explained whether this occupation includes more contemporary tasks or confirmed the number of available modern-day jobs in the national economy"); *Justina O. v. Comm'r of Soc. Sec.*, 1:24-CV-00610 EAW, 2026 WL 111301, at *4 (W.D.N.Y. Jan. 15, 2026) (remanding when no mention of VE testimony regarding modernization).

## DISCUSSION

### I. The Court Adopts the R&R with Respect to the RFC Finding

Magistrate Judge Figueredo correctly concluded that the ALJ's RFC finding is supported by substantial evidence. *See* R&R at 28. As noted by Magistrate Judge Figueredo, the ALJ grounded the assessment of Gustafson's physical abilities in multiple medical opinions, *id.* at 28-29, and Gustafson's own testimony supports the conclusion that her physical abilities allow for sedentary work. *Id.* at 30. Accordingly, "the ALJ's finding that Plaintiff could perform sedentary work was supported by substantial evidence." *Id.* at 31 (collecting cases).

Magistrate Judge Figueredo also correctly concluded that the ALJ properly considered Gustafson's mental health because the ALJ considered multiple "medical consultancy opinions to support his RFC finding." *Id.* at 32. The ALJ's determination that Gustafson can perform "simple, routine unskilled work" with "occasional interaction with others" is supported by substantial evidence. *See* R&R at 36–37 (quoting R. at 24, collecting cases).

Accordingly, the Court adopts the R&R's finding that the ALJ's RFC determination was supported by substantial evidence.

## II. The ALJ's Determination at Step Five is Supported by Substantial Evidence

At step five, the ALJ made a "not disabled" determination after "considering the claimant's age, education, work experience, and residual functional capacity," because Gustafson can perform "work that exists in significant numbers in the national economy." R. at 25. This finding was based on the VE's testimony that Gustafson can perform work as (a) a Document Preparer (approximately 14,169 jobs in the national economy), (b) an Addresser (approximately 1,971 jobs in the national economy), and (c) a Touch Up Screener, (approximately 1,169 jobs in the national economy). *Id*. at 25.

Magistrate Judge Figueredo recommended the case be remanded to reassess what jobs are available in the national economy because of the SSA's EM and several court decisions that considered Document Preparer and Addresser to be obsolete. R&R at 37, 41. For the reasons set forth below, reviewing the R&R and underlying Record *de novo*, the Court finds that the ALJ's decision was supported by substantial evidence and, accordingly, declines to adopt this portion of the R&R.

The EM does not undermine the ALJ's decision because (a) the EM does not apply to that decision and (b) to the extent that it does apply, the ALJ satisfied any heightened standard

stemming from the EM. First, the ALJ's decision is from May 1, 2024. R. at 8. This is well before the EM was issued, let alone went into effect. *See Amy Marie H.*, 2026 WL 2665448, at *14; EM-24027. The EM does not apply retroactively, *Norman J.D.*, 2025 WL 3003462, at *5; *Terry T.*, 2025 WL 2205934, at *10, and therefore cannot provide a basis to find reversible error when the ALJ's decision was made before the EM came into effect. *See Norman J.D.*, 2025 WL 3003462, at *5.

Second, and in any event, the ALJ adequately satisfied any heightened inquiry requirement stemming from the EM. The VE confirmed that the jobs of Document Preparer and Addresser "are performed using more modern technology" and are still "performed today at the sedentary unskilled level." R. at 58. Additionally, The VE testified that the employment estimates for those two positions total to about 16,140. *Id.* at 57. This far exceeds what courts in this district have considered "significant numbers." *See Sanchez*, 336 F. Supp. 3d at 177–78 (suggesting that 9,000-10,000 jobs is often sufficient). The ALJ confirmed that (a) Gustafson can perform the jobs, (b) the jobs have been modernized, and (c) the jobs exist in significant numbers in the national economy. R. at 57–58. Accordingly, "to the extent the heightened duty applied to the ALJ in this case, the ALJ satisfied it." *Claudette M.S.*, 2026 WL 1024064, at *10; *accord* EM-24027.

Although the VE never explicitly confirmed that the job numbers provided reflect the number of modernized positions, this does not persuade the Court to disturb the ALJ's findings. The VE testified to *current* employment estimates.[5] Whether those total estimates include

[5] Some courts have indicated that a VE is citing the Dictionary of Occupational Titles (the "DOT") for job numbers, and that the job numbers, just like the job descriptions, may be out of date. *See Julia K. v. Comm'r of Soc. Sec.*, 23-CV-193 (JLS), 2024 WL 3760344, at *4 (W.D.N.Y. Aug. 9, 2024) (finding VE's testimony pre-EM unpersuasive because "this Court has no way to determine whether the number of [modernized] jobs equates to those of a document preparer under the" DOT). "The DOT, however, does not provide information about job numbers." SSR 24-3p, 89 Fed. Reg. 97158 n.12 (Dec. 6, 2024). The DOT is used because its job classifications match those used by the SSA. *See id.* at 97158 ("We classify jobs as sedentary, light, medium, heavy, and very heavy, using the same

modernized and non-modernized versions of the position is irrelevant. What matters is that there are positions available—modernized or not—in significant numbers, and that the applicant can perform the work based on her RFC.

Second, the standard of review of the ALJ's decision is "very deferential" *Brault*, 683 F.3d at 448. The record contains testimony from a VE that the jobs have been modernized and exist in significant numbers. *See* R. at 57. It cannot be said that no reasonable fact finder could share the ALJ's finding of "not disabled" based on the record. *See Brault*, 683 F.3d at 448 at 448 ("Once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise.*" (emphasis in original)).

Additionally, this Court is not persuaded to join the courts that have independently characterized the job of Document Preparer as obsolete. *See Mark P.O. v. O'Malley*, 5:23-CV-00186 (MAD), 2024 WL 1219632, at *8 (N.D.N.Y. Mar. 20, 2024) (collecting cases). "The Court would be loath to conduct its own analysis of job types and job availability and second guess the vocational expert's conclusions." *A.A. v. Comm'r of Soc. Sec.*, 24-CV-7827 (JW), 2026 WL 810302, at *8 (S.D.N.Y. Mar. 23, 2026) (citation modified, quoting *Angi W. v. Comm'r of Soc. Sec.*, 21-CV-0557 (CJS), 2023 WL 2595008, at *11 (W.D.N.Y. Mar. 22, 2023)). Instead, we join the Second Circuit and courts in this district that have "declined to accept this argument, finding that the ALJ is entitled to rely on the vocational expert's testimony and refus[ed] to make a judicial finding as to whether an occupation is obsolete." *Terry T.*, 2025 WL 2205934, at *9 (citing *Bavaro*, 413 F.App'x at 384 (rejecting identical argument that photo counter clerk is

---

meaning as those terms have in the DOT."). So, although there may be a concern that the description of the job in the DOT is outdated, the numbers come from a *different* source. The VE's testimony that a job has been modernized simply explains that, although the DOT's *description* is outdated, the job title is still relevant and can be referenced for classification purposes. The job numbers simply reflect the VE's expert analysis as to how many of such jobs are currently available. It may well be the case that the job is still performed in non-modernized ways. Indeed, the VE in this case indicated that Document Preparers still use microfiche. *See* R. at 58.

obsolete and should not be considered)); *see Patricia A. v. Comm'r of Soc. Sec.*, 25-CV-5209 (VSB) (HJR), 2026 WL 1295974, at *4 (S.D.N.Y. May 7, 2026) (explaining that "courts in this Circuit" have "consistently rejected" the argument that VE's reference of jobs such as Document Preparer is invalid (quoting *A.A.*, 2026 WL 810302, at *8)). "The ALJ was entitled to credit that testimony," and the ALJ's findings are supported by substantial evidence. *Bavaro*, 413 F.App'x at 384. Accordingly, we do not accept the R&R's finding that the ALJ's determination at step five was flawed and that remand is therefore warranted.

## CONCLUSION

Based on the foregoing, the Court finds no basis for remand. The Report and Recommendation is ADOPTED in part and REJECTED in part. Gustafson's Motion to reverse the ALJ's finding and calculate benefits or remand is DENIED. The Commissioner's motion to affirm the ALJ's determination is GRANTED. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

**Date: September 28, 2026**
**New York, NY**

Mary Kay Vyskocil

**MARY KAY VYSKOCIL**
**United States District Judge**